UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. CR-07-2020-LRS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW MOTION TO WITHDRAW GUILTY PLEA** |
| TRINIDAD RIVERA-CORONA, | |
| Defendant. | |

BEFORE THE COURT, is Defendant's Motion to Withdraw Motion to Withdraw Guilty Plea, Ct. Rec. 332, filed April 1, 2011. At the hearing on March 23, 2011, Defendant indicated his intent, orally, to withdraw his Motion to Withdraw Plea and proceed with sentencing. The government has not opposed the instant motion.

Counsel for the Defendant asserts in his motion that the Defendant has had a change of position concerning his request to set aside his earlier plea of guilty. Ct. Rec. 332, at 2. Counsel for the Defendant indicates that a review of formal discovery as well as consideration of the government's position that a harsher penalty would be sought if the defendant were to go to trial and lose has permitted Mr. Rivera-Corona to come to the conclusion that ". . . that--having already served half of

ORDER ~ 1

his sentence--it was smarter to withdraw his request and accept his status quo." Ct. Rec. 332, at 3.

In Defendant's declaration dated February 10, 2011 (Ct. Rec. 323), Defendant indicated that his previous attorney was paid for by Defendant's family and not appointed at public expense. Defendant declared that his family paid him everything they were able to pay him but when Defendant wanted to fight his case in front of a jury, it was not enough money for his attorney's time. Defendant declared his family was unable to pay his attorney the additional money he wanted for trial and this fact seemed to change his attorney's willingness to fight for him. Additionally, Defendant stated in his declaration that his attorney said that he would prosecute his family if they did not pay him an additional $5,000.00. Defendant states in his declaration that he was stuck between paying $5000.00 that he did not have, having his family prosecuted, or going to trial with an attorney Defendant did not trust to fight for him. Defendant declared that the cause of this entire conflict was money. Ct. Rec. 323.

At the hearing on March 23, 2011, the Government elicited testimony from Defendant's trial counsel Nicholas Marchi. Mr. Marchi testified that he never demanded $5,000 or threatened to prosecute Defendant's family. Mr. Marchi further testified that the reason Defendant decided to enter a plea agreement on the day of trial was because a subpoenaed defense witness who was expected to testify and purportedly provide exculpatory evidence at trial, was no longer available to do so and that counsel for that witness had confirmed he would not testify at trial. Mr. Marchi further testified that he was fully prepared to go to trial

had Defendant desired that strategy despite the family's inability to pay.

Of significance to the Court, defendant did not testify at the hearing regarding the issues raised in his initial declaration or in rebuttal to Mr. Marchi's testimony.

The Court, after hearing testimony from Mr. Marchi, and having found that testimony credible, grants Defendant's Motion to Withdraw Motion to Withdraw Guilty Plea.

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Withdraw Motion to Withdraw Guilty Plea, **Ct. Rec. 332,** is **GRANTED.**

2.  The sentencing hearing **REMAINS SET** for **May 5, 2011 at 10:30 a.m.** in Yakima.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshal.

**DATED** this 26th  day of April, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 3